IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL A. MCCANN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:15-0162 |
| | § | |
| SPENCER PLANTATION INVESTMENTS LTD., and INTERNAL REVENUE SERVICE, | § § § | |
| | § | |
| Defendants. | § | |

## O R D E R

Pending before the Court is the Motion of United States to Dismiss or for Summary Judgment and Brief. (**Instrument No. 7**).

### I.

#### A.

Plaintiff Michael McCann ("McCann" or "Plaintiff") has been engaged in litigation with the Internal Revenue Service ("IRS") over the collection of his taxes for approximately fifteen years. *See generally* (Instrument No. 1-2, at 5). During that time the IRS has attempted to collect purported back taxes from 1996 – 2009, 2011, and 2012. (Instrument No. 7-7, 7-8, 7-14, 7-15, and 7-16). Plaintiff has filed five cases in the United States Tax Court concerning his claims. (Instrument No. 1-2). In each of these cases, the Tax Court either affirmed the IRS's authority to collect taxes from Plaintiff, or dismissed Plaintiff's case for procedural deficiencies. (Instrument Nos. 7-14; 7-15; and 7-16). Specifically, on November 24, 2010, the Tax Court entered a Decision upholding the IRS's authority to proceed with the collection of Plaintiff's income tax liability for the tax years 1997, 1998, and 1999. (Instrument No. 7-8). Most recently, on March

23, 2015, the Tax Court granted an Order of Dismissal for Lack of Jurisdiction against the Plaintiff. (Instrument No. 7-16). Plaintiff also filed 4 bankruptcy cases in the last 3 years, which were dismissed due to procedural deficiencies. *See* (B.P. 13-30609; B.P. 14-80894; B.P. 13-80466; and B.P. 13-34513).

In 2012, the IRS began the process of seizing property ("the Property") in Brazoria County, Texas owned by Plaintiff, based on his tax liability. (Instrument No. 7-8). According to the Government, on October 23, 2012, IRS Revenue Officer, James Ashton, personally delivered to Plaintiff a Notice of Seizure with respect to the Property. (Instrument No. 7-10 and 7-11). The Government further contends that on February 14, 2014, Sheila Kuykendall, an IRS Property Appraisal and Liquidation Specialist ("PALS") personally delivered to Plaintiff a Notice of Public Auction Sale of the Property. (Instrument No. 7-12). On March 10, 2014, the Property was sold at public auction, and purchased by Defendant Spencer Plantation Investment, Ltd. ("Spencer Plantation") for $189,000.00. (Instrument No. 1-2, at 3 and 10-14). According to Plaintiff, neither Spencer Plantation nor the IRS gave him notification about the sale of his property. (Instrument No. 1-2, at 3). Plaintiff also contends that the IRS has no "jurisdiction" to collect his taxes or seize his property. (Instrument No. 1-2, at 16).

**B.**

On December 22, 2014, Plaintiff brought this lawsuit for quiet title against Spencer Plantation and the IRS in the 23rd Judicial District Court of Brazoria County, Texas. (Instrument No. 1-2, at 1). On January 20, 2015, the United States of America, on behalf of the IRS, removed this case to the Southern District of Texas pursuant to 28 U.S.C. § 1441, 1442, and 1446, based

on this Court's jurisdiction over quiet title actions brought against the federal government. (Instrument No. 1, at 3).

On April 29, 2015, the Government filed a motion to dismiss the IRS as a defendant pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) arguing that the case is barred by sovereign immunity and that Plaintiff failed to properly serve the Government in this case. (Instrument No. 7, at 7-11). On July 1, 2015, Plaintiff filed a response. (Instrument No. 16). Plaintiff contends that the Tax Court dismissed Plaintiff's claim because the IRS has no "jurisdiction" to collect his taxes or seize his property. (Instrument No. 1-2 at 16).

## II.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss. Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998). A district court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1) on any one of three separate bases: (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. U.S.,* 281 F.3d 158, 161 (5th Cir.2001) (citing *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996)). In examining a Rule 12(b)(1) motion, the courts are empowered to consider matters of fact which are in dispute. *See Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.1981). When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *See Gaar v. Quirk,* 86 F.3d 451, 453 (5th Cir.1996). Any uncontroverted facts in the complaint must, however, be accepted as true. *See Gaubert v. United States,* 885 F.2d 1284,

1285 (5th Cir.1989), *rev'd on other grounds,* 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991) (citing *Gibbs v. Buck,* 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939)). Moreover, the court must construe the complaint broadly and liberally. *See Gaubert,* 885 F.2d at 1285 (citing *Norton v. Larney,* 266 U.S. 511, 45 S.Ct. 145, 69 L.Ed. 413(1925)).

When a Rule 12(b)(1) is filed in conjunction with other Rule 12 motions, the court should usually consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *See Ramming,* 281 F.3d at 161. This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *See id.* The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *See Id.*

## III.

### A.

The United States, as a sovereign, is immune from suit unless it waives its immunity or consents to suit by statute. *United States v. Dalm*, 494 U.S. 596, 608 (1990). This consent to be sued must be unequivocally expressed, not implied. *United States v. Testan*, 424 U.S. 392, 399 (1976). Therefore, unless the plaintiff brings "the suit in exact compliance with the terms of a statute under which the sovereign has consented to be sued," the suit cannot be sustained against the United States. *Koehler v. United States*, 153 F.3d 263, 264 (5th Cir. 1998). Consequently, "where the United States has not consented to suit or the plaintiff has not met the terms of the statute, the court lacks jurisdiction and the action must be dismissed." *United States v. Mitchell*, 463 U.S. 206, 212 (1983*).*

28 U.S.C. § 2410 provides a limited waiver of sovereign immunity. *See Hussain v. Bos. Old Colony Ins. Co.*, 311 F.3d 623, 629 (5th Cir. 2002). Section 2410 provides that the United States may be named a party in any civil action to quiet title in any district court or state court having jurisdiction over the subject matter. 28 U.S.C. § 2410(a)(1). Section 2410's waiver of sovereign immunity is limited, and a taxpayer may maintain an action under Section 2410 "only if, at the time the action is commenced, the government still claims a lien or a mortgage on the property." *Koehler*, 153 F.3d 263 at 266.

In *Koehler v. United States*, the IRS determined that the plaintiff owed federal income taxes for years ending December 31, 1988 and December 31, 1989. *Id.* at 264. In order to satisfy the plaintiff's liabilities, the IRS seized her property and sold it at a public auction. *Id.* The plaintiff sued the IRS arguing that she did not receive notice of sale of her property. *Id.* The Fifth Circuit affirmed the district court's judgement to dismiss, finding that Section 2410 barred suits against the Government after they had already sold the property in question. *Id.* at 265.

The IRS argues that Plaintiff's quiet title claim against it should be dismissed because the Government has not waived sovereign immunity and Plaintiff failed to properly serve the Government[1]. (Instrument No. 7, at 7-11). Plaintiff has failed to allege any federal statutory basis for the waiver of sovereign immunity. (Instrument No. 1-2). Furthermore, even if Plaintiff had brought this action pursuant to Section 2410, the IRS is no longer in possession of the property. (Instrument. No. 1-2). 28 U.S.C. § 2410 provides a limited waiver of sovereign immunity for quiet title actions involving property currently in the Government's possession. See *Koehler*, 153 F.3d at 266. Plaintiff's claim is barred by sovereign immunity and furthermore, Plaintiff's claim

---

[1] The Plaintiff failed to serve the United States with a summons and complaint within 120 days after filing the petition as required by Federal Rule of Civil Procedure 4(m). The Court, however, granted Plaintiff an extension and he has since served the parties in this case. *See* (Instrument Nos. 14 and 15).

that the IRS lacked "jurisdiction" or authority to seize his property is without merit. (Instrument No. 1-2 at 16). Plaintiff misrepresents the decision of the United States Tax Court, which held that the Tax Court lacked jurisdiction to hear his clams, not that the IRS lacked "jurisdiction" in this matter. *Id.* Accordingly, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claim against the IRS based on sovereign immunity. *See Mitchell*, 463 U.S. at 212.

Accordingly, the Government's motion to dismiss is GRANTED. (Instrument No. 7).

**B.**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 29 U.S.C. § 1447(c). "[F]ederal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction sua sponte if not raised by the parties." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919 (5th Cir. 2001). Though a court may not sua sponte remand a case for procedural defects, § 1447(c) makes clear that a court must remand a case if it determines that it lacks subject matter jurisdiction. *Coleman v. Alcolac, Inc.,* 888 F. Supp. 1388, 1394 (S.D. Tex. 1995).

When a district court dismisses all federal claims in a lawsuit, "the court generally retains discretion to exercise supplemental jurisdiction, pursuant to § 1367, over pendent state-law claims." *Del–Ray Battery Co. v. Douglas Battery Co.,* 635 F.3d 725, 731 (5th Cir. 2011). The general practice in the Fifth Circuit is to decline to exercise jurisdiction over state claims when federal claims are dismissed. *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992). Where federal claims have been dismissed for lack of subject matter jurisdiction, however, the Court lacks discretion and must dismiss or remand the remaining state law claims. *Pillar Panama, S.A. v. DeLape*, 326 F. App'x 740, 743 (5th Cir. 2009).

In this case, the Court has dismissed Plaintiff's claims against the IRS for lack of subject matter jurisdiction. The inclusion of the IRS as a defendant was the only basis for federal question jurisdiction in this case. *See* 28 U.S.C. §§ 1442, 1444. Therefore, the Court has no discretion to exercise supplemental jurisdiction over Plaintiff's remaining claims against Spencer Plantation. *See Pillar Panama*, 326 F. App'x at 743.

Accordingly, Plaintiff's remaining quiet title claim against Specer Plantation is REMANDED to the 23rd Judicial District Court of Brazoria County, Texas.

## IV.

Based on the foregoing, IT IS HEREBY ORDERED THAT Defendant's Motion to Dismiss is **GRANTED**. (**Instrument No. 7**). IT IS FURTHER ORDERED THAT this case is **REMANDED** to the 23rd Judicial District Court of Brazoria County, Texas.

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the 23rd day of July, 2015, at Houston, Texas.

_____
**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**